Electronically Filed
4/1/2020 1:42 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
**PACIFIC WEST INJURY LAW**
6141 S. Rainbow Blvd., Ste 110
Las Vegas, Nevada 89118
Phone: (702) 602-4878
Fax: (702) 665-5627
Kris@PacificWestInjury.com
*Attorneys for Plaintiff*

CASE NO: A-20-813096-C
Department 8

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| ERIC TAYLOR, individually<br><br>Plaintiff,<br><br>vs.<br><br>LOYD GRANT, an individual; KEOLIS TRANSIT SERVICES, LLC., a foreign corporation; DOES 1 THROUGH 20; ROES CORPORATIONS 1 THROUGH 10 AND ROE LIMITED LIABILITY COMPANIES 1 through 10, LLCLUSIVE,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br><br><br><br>**COMPLAINT**<br><br>*JURY DEMANDED* |

Plaintiff, ERIC TAYLOR, individually by and through his attorney of record, KRISTOPHER M. HELMICK, ESQ., of PACIFIC WEST INJURY LAW, and for his causes of action against Defendants, and each of them, complains and alleges as follows:

### JURISDICTION AND PARTIES

1.     At all times relevant, Plaintiff, ERIC TAYLOR, was and is a resident of the State of Nevada.

2.     At all times relevant, upon information and belief, Defendant, LOYD GRANT, was and is a resident of the State of Nevada.

3.     At all times relevant, upon information and belief, Defendant, KEOLIS TRANSIT SERVICES, LLC., a foreign corporation, is and was at all times mentioned herein was, a company or other business entity, licensed to do business in the County of Clark, State of Nevada.

4.     The subject accident occurred in the County of Clark, State of Nevada.

5.      The identity of Defendants DOES 1 through 5 is unknown at this time; however, Plaintiff alleges that DOES 1 through 5 are the owners of the vehicle that struck Plaintiff.  Plaintiff requests leave of the Court to amend this Complaint to name the Defendant specifically when the identity becomes known.

6.      The identity of Defendants DOE 6 through 10 is unknown at this time; however, Plaintiff alleges that DOE 6 through 10 are other driver(s) who were driving the vehicle(s) that struck Plaintiff.  Plaintiff requests leave of the Court to amend this Complaint to name the Defendant specifically when the identity becomes known.

7.      The identities of Defendants DOES 11 through 15, are unknown at this time and may be individuals, corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessor or successor entities, joint venturers, parent corporations or other related business entities of Defendants, inclusive, who were acting on behalf of or in concert with, or at the direction of Defendants and may be responsible for the injurious activities of the other Defendants. Plaintiff alleges that each named and DOE Defendant negligently, willfully, intentionally, recklessly, vicariously, or otherwise, caused, directed, allowed or set in motion the injurious events set forth herein.  Each named and Doe Defendant is legally responsible for the events and happenings stated in this Complaint, and thus proximately caused injury and damages to Plaintiff. Plaintiff requests leave of the Court to amend this Complaint to name the DOE Defendants' and/or ROE Corporations' and/or ROE limited Liability Companies' specifically when their identities become known.

8.      DOES 16 through 20 are employers of Defendants who may be liable for Defendants' negligence pursuant to NRS 41.130, which states:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

9.      The true names and capacities whether individual, corporate, associate, partnership or otherwise of the Defendants herein designated as Defendant ROE Corporations 1 through 10 and ROE Limited Liability Companies 1 through 10 are unknown to Plaintiffs, who therefore sues said

Defendants by such fictitious names. Plaintiffs are informed and believe thereupon that each of the defendants designated as a ROE Corporation or ROE limited Liability Company is responsible in some manner for the events and happenings described herein; as such, Plaintiffs will seek leave of the court to amend their Complaint to assert the true names and capacities of said Defendants as they become identified and known to Plaintiffs.

### FACTS COMMON TO ALL CAUSES OF ACTION

10.     On or about September 23, 2018, Defendant, LOYD GRANT was operating a 2017 Alexandi E500TR Bus owned by Defendant, KEOLIS TRANSIT SERVICES, LLC., with the permission of Defendant, KEOLIS TRANSIT SERVICES, LLC..

11.     On or about September 23, 2018, Plaintiff, ERIC TAYLOR, was traveling Southbound on Martin Luther King Blvd. approaching Pinto Lane in the #1 left turn lane.

12.     On said date, Defendant, LOYD GRANT, was traveling Southbound on Martin Luther King Blvd. approaching Pinto Lane in the #2 left turn lane. When both vehicles were turning left, Defendant failed to use due care and to maintain his lane, colliding into Plaintiff, ERIC TAYLOR's vehicle. The rear left of Defendant, LOYD GRANT's, vehicle struck the front right side of Plaintiff, ERIC TAYLOR's, vehicle, causing damage to both vehicles. Defendant, LOYD GRANT, fled the scene prior to Nevada Highway Patrol's arrival.

13.     Defendant, LOYD GRANT, was negligent, careless, and reckless, causing a collision with the rear left side of Plaintiff, ERIC TAYLOR's, vehicle.

### FIRST CLAIM FOR RELIEF

**(Negligence/Negligence per se against Defendant, LOYD GRANT)**

14.     Plaintiff repeats and alleges each and every allegation set forth above as though each were set forth herein.

15.     Defendant, and or/LOYD GRANT, and/or DOE Defendants' and/or ROE Corporations' and/or ROE limited Liability Companies', had a duty to maintain his lane before causing a collision. NRS 484B.223, *et seq.*

16.     Defendant, and/or DOE Defendants' and/or ROE Corporations' and/or ROE limited Liability Companies', breached their duty to Plaintiff by failing to maintain his lane and hitting another vehicle.

17.     The sole and proximate cause of the subject incident was due to the negligent actions or inactions of the named Defendants and/or DOE Defendants.

18.     As a direct and proximate result of the Defendants' negligence, Plaintiff sustained serious injuries and suffered great pain of body and mind, some of which conditions are permanent and disabling, all to their general damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

19.     As a further direct and proximate result of the Defendants' negligence, Plaintiff incurred expenses for medical care and treatment in an amount to be determined at trial.

20.     As a further direct and proximate result of the Defendant and DOE Defendants' and/or ROE Corporations' and/or ROE limited Liability Companies' negligence, Plaintiff has sustained loss of earning and earning capacity in amount to be determined at trial.

21.     As a direct and proximate result, it has been necessary for Plaintiff to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorneys' fees and costs of suit incurred herein.

## SECOND CLAIM FOR RELIEF
**(Negligence/Negligence per se against Defendant, KEOLIS TRANSIT SERVICES, LLC.)**

22.     Plaintiff repeats and realleges each and every allegation set forth above as though each were set forth herein.

23.     On September 23, 2018, Defendant, LOYD GRANT, was driving a vehicle while in the employment of Defendant, KEOLIS TRANSIT SERVICES, LLC.

24.     On September 23, 2018, and all times mentioned herein, Defendant, LOYD GRANT, was acting within the scope and course of his employment with Defendant, KEOLIS TRANSIT SERVICES, LLC., because he was operating the motor vehicle for his employer's benefit, during his working hours.

25.     Because Defendant, LOYD GRANT, was acting in the course and scope of his employment with Defendant, KEOLIS TRANSIT SERVICES, LLC., when the accident as stated herein occurred, Defendant, KEOLIS TRANSIT SERVICES, LLC., is vicariously liable, jointly and severally, for damages to Plaintiff through the doctrine of respondeat superior.

26.     Because Defendant, LOYD GRANT, was employed by Defendant, KEOLIS TRANSIT SERVICES, LLC., and they were responsible for his conduct, Defendant, KEOLIS TRANSIT SERVICES, LLC., is liable for his negligent conduct under NRS 41.745.

27.     Defendants', and/or DOE Defendants' and/or ROE Corporations' and/or ROE limited Liability Companies' negligence was the actual and proximate cause of injuries incurred by Plaintiff, resulting in medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000.00.

28.     It has been necessary for Plaintiff to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorneys' fees and costs of suit incurred herein.

### THIRD CLAIM FOR RELIEF
**(Negligent Entrustment against Defendant, KEOLIS TRANSIT SERVICES, LLC.)**

29.     Plaintiff repeats and realleges each and every allegation set forth above as though each were set forth herein.

30.     At the time of the accident herein complaint of, and immediately prior thereto, Defendant, KEOLIS TRANSIT SERVICES, LLC., in breaching its duty owed to the Plaintiff, was negligent and careless, inter *alia*, in the following particulars:

A.     In negligently entrusting the Defendant's vehicle to LOYD GRANT; and

B.     The Defendant violated certain state and local statutes, rules regulations, codes and ordinances, and the Plaintiff will pray leave of Court to insert the exact citations at the time of trial.

31.     On September 23, 2018, Defendant, KEOLIS TRANSIT SERVICES, LLC., and/or DOE Defendants' and/or ROE Corporations' and/or ROE limited Liability Companies', were the owner of the vehicle driven by Defendant, LOYD GRANT.

32.     Defendant, KEOLIS TRANSIT SERVICES, LLC., and/or DOE Defendants' and/or ROE Corporations' and/or ROE limited Liability Companies' entrusted the vehicle to Defendant, LOYD GRANT.

33.     Defendant, LOYD GRANT, was driving the subject vehicle with the express and implied permission of Defendant, KEOLIS TRANSIT SERVICES, LLC., and/or DOE Defendants' and/or ROE Corporations' and/or ROE limited Liability Companies'.

34.     On September 23, 2018, Defendant, LOYD GRANT, failed to use due care and maintain his lane, striking Plaintiff, ERIC TAYLOR's, vehicle.

35.     Defendants and/or DOE Defendants' and/or ROE Corporations' and/or ROE limited Liability Companies' had a duty not to negligently entrust their vehicle to an unfit third-party.

36.     Defendants and/or DOE Defendants' and/or ROE Corporations' and/or ROE limited Liability Companies', breached their duty by entrusting their vehicle to a third party when they knew, had reason to know, or should have known, that LOYD GRANT was an unsafe, reckless, or otherwise unfit driver.

37.     Defendants and/or DOE Defendants' and/or ROE Corporations' and/or ROE limited Liability Companies' breached their duty by entrusting their vehicle to a third party by making no effort to discern LOYD GRANT's fitness as a driver.

38.     By reason and as a direct and proximate result of the aforesaid negligence and carelessness of Defendants, and each of them, Plaintiff, was injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to their damage in an amount in excess of $15,000.00.

39.     By reason of the motor vehicle collision, and as a direct and proximate result of the aforesaid negligence and carelessness of the Defendants, and each of them, Plaintiff has been caused to expend monies for medical and miscellaneous expenses as of the time in excess of $15,000.00, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

40.     It has been necessary for Plaintiff to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorneys' fees and costs of suit incurred herein.

### FOURTH CLAIM FOR RELIEF
#### (Respondeat Superior/ Vicarious Liability as to All Defendants)

41.     Plaintiff incorporates by this reference each and every paragraph previously made in this Complaint, as if here fully set forth.

42.     Because Defendant, LOYD GRANT, was acting within the course and scope of his

employment, service or agency, Defendants, and each of them are vicariously liable for the injuries and damages sustained by Plaintiff, alleged herein.

43.     Defendant, LOYD GRANT, was acting in the course and scope of his employment with Defendants and as such, Defendants, and each of them, are responsible for the negligent acts of its employee under the doctrine of respondent superior.

44.     As a proximate result of Defendants' negligence, which caused the aforementioned accident, Plaintiff, ERIC TAYLOR, was injured, and from the time of his injuries through the present day has suffered intense physical and mental pain, disfigurement, shock and agony, recoverable by Plaintiff in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable and prays judgment against the Defendants, and each of them, as follows:

1.     General damages in an amount in excess of $15,000.00;

2.     Special damages to be determined at the time of trial;

3.     Property damage repair expenses and supplements;

4.     Medical and incidental expenses already incurred and to be incurred;

5.     Lost earnings and earning capacity;

6.     Reasonable attorney's fees and costs of suit;

7.     Interest at the statutory rate; and,

8.     For such other relief as this Court deems just and proper.

DATED: April 1, 2020

PACIFIC WEST INJURY LAW

/s/ *Kristopher M. Helmick*

_____
KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No.: 13348
*Attorney for Plaintiff*